**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MANITH VILAYHONG, #M17024,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 24-cv-01683-RJD** |
| | ) | |
| **JUSTIN BILLINGTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Manith Vilayhong, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at East Moline Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights that occurred during his incarceration at Centralia Correctional Center. He claims Defendant Billington forged another officer's signature on a grievance document, and seeks monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  On October 26, 2023, Grievance Counselor Justin Billington forged the name of Grievance Officer Daniel Morgan on

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge (Doc. 5), and the limited consent to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the IDOC.

Plaintiff's Grievance Number 23-10-147CEN. (Doc. 1, pp. 8, 13, 16). The forgery violated Plaintiff's Fourteenth Amendment due process rights and was intended to deceive Plaintiff into believing Daniel Morgan responded to the grievance – which Plaintiff filed against Billington. Billington was prohibited from responding to the grievance because it was against him, but he did so anyway. Billington thereby obstructed an investigation into his misconduct and deprived Plaintiff of his right to be heard. (Doc. 1, p. 8).

As evidence of the forgery, Plaintiff points to his Cumulative Counseling Summary where Billington digitally signed his name as the person writing the response to Grievance No. 23-10-147 on October 26, 2023. (Doc. 1, p. 16). In an October 26, 2023 note by Correctional Counselor Strubhart, this grievance is described as "regarding Staff Downen, Billington, & Eichenseer" and numbered 23-10-147. (Doc. 1, p. 15). Plaintiff discovered the forgery and filed a grievance over it. (Doc. 1, pp. 8, 11). Billington lied to the ARB (Administrative Review Board) when he stated he did not answer the earlier grievance or sign Counselor Morgan's name. (Doc. 1, pp. 8-16). Plaintiff requested the Illinois State Police, FBI, and other agencies to investigate the forgery and fraud, to no avail. (Doc. 1, pp. 8, 17-26).

Plaintiff requests punitive damages and a court order for a handwriting expert to analyze the purported signature of Daniel Morgan. (Doc. 1, p. 28).

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

Count 1:    Fourteenth Amendment due process claim against Justin Billington, for forging Daniel Morgan's signature on the response to Grievance No. 23-10-147CEN and depriving Plaintiff of an impartial response to the grievance.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading

standard.[2]

## **Discussion**

### **Count 1**

Longstanding precedent has established that prison inmates do not have a constitutional right to an effective grievance procedure or to have prison officials comply with their own grievance process. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."). The Constitution requires no procedure at all, thus the failure of prison officials to follow their own grievance procedures does not, standing alone, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Thus, the mishandling of a prisoner's grievance, failure to investigate a grievance, or misconduct related to the grievance procedure, will not support a constitutional claim. Defendant Billington's alleged forgery on the response to Plaintiff's grievance falls squarely within this rule.

Accordingly, Count 1 will be dismissed for failure to state a constitutional claim upon which relief may be granted.

## **Disposition**

Count 1 and this action are **DISMISSED on the merits with prejudice** for failure to state a claim upon which relief may be granted. The Court counts the dismissal of this action as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

*Pro se* litigants are ordinarily allowed to submit amended pleadings when claims are

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

dismissed on merits review under 28 U.S.C. § 1915A. *See Runnion ex rel. Runnion v. Girl Scouts*, 786 F.3d 510, 519-20 (7th Cir. 2015). However, a court may deny leave to amend if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Here, Plaintiff's claim based on alleged misconduct in processing his prison grievance is legally insufficient in light of the precedent discussed herein. As such, the Court concludes that it would be futile to allow Plaintiff to amend his Complaint.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  December 16, 2024**

*s/ Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**